## IN RE RUSSELL.

PATENTS; ANTICIPATION; NOVELTY.

Claims for a can of sheet iron or steel coated with a suitable lacquer or enamel, the composition of which is not specified, to form a tight connection for the lock joints, is anticipated by a patent for a tin plate can coated with aluminum lining applied over a coat of size or varnish, intended to accomplish the same result.

No. 687.   Patent Appeals.   Submitted January 12, 1911.   Decided February 6, 1911.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting certain claims in an application for patent.                                                      *Affirmed.*

The facts are stated in the opinion.

*Mr. W. B. Corwin* and *Mr. J. N. Cooke* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellant, George Russell, applied for a patent with the following claims:

"1. A metal can having the inner and outer faces of the same provided with a coating of flexible enamel.

"2. A metal can having the inner and outer faces of the same provided with a coating of flexible enamel, said coating being adapted to fill the joints of said can, and form a tight connection.

"3. A metal can formed from black sheet iron or steel, hav-

ing the inner and outer faces of the same provided with a coating of flexible enamel.

"4. A metal can formed from black sheet iron or steel, having the inner and outer faces of the same provided with a coating of flexible enamel, said coating being adapted to fill the joints of said can, and form a tight connection.

"5. A metal can having the inner and outer faces of the same provided with a coating of flexible enamel, and a thicker coating of said enamel on a portion of said faces for the joints of said can to form a tight connection.

"6. A metal can formed from black sheet iron or steel having the faces of the same provided with a coating of flexible enamel, and a thicker coating of said enamel on a portion of said faces for the joints of said can to form a tight connection.

"7. A metal can having the inner and outer faces of the same provided with a coating of flexible enamel, and a second coating of said enamel on a portion of said faces, for the joints of said can to form a tight connection.

"8. A metal can formed from black iron or steel having the faces of the same provided with a coating of flexible enamel, and a second coating of said enamel on a portion of said faces for the joints of said can to form a tight connection.

"9. A metal can having one face of the same provided with a coating of flexible enamel, and a like coating on both faces of the same at the joint-forming portion to form a tight connection."

All were rejected by the Primary Examiner. On appeal to the Examiners-in-Chief, claims 1, 2, 3, 4, and 9 were rejected, and 5, 6, 7, and 8 allowed. On further appeal to the Commissioner, the rejection of claims 1, 2, 3, 4, and 9 was affirmed.

These only are involved in the present appeal.

Appellant claims a can made of sheet metal, coated with "suitable flexible lacquer or enamel." The use of solder, which sometimes injuriously affects food preparations to be contained in cans, is avoided in uniting the seams. The seams are described as united by the ordinary lock joint. The rejection was based on reference to a patent to Norton, issued August

13, 1907. Norton seeks to accomplish the same general result. His can is coated on the inside with an aluminum lining. He says: "The aluminum lining is preferably, or most conveniently, formed by first applying to the surface of the blank, or the sheet from which the blank is cut, a coating of size or varnish, and then while it is yet sticky or tacky, filling it with aluminum powder, or what is commonly known as aluminum bronze, and then subjecting it to a baking operation at a high heat, preferably about 300 degrees F." Enamel coatings in cooking vessels, made in various ways, are in common use. The appellant, it will have been observed, does not specify the composition of his lining, but says that it may be any suitable lacquer or enamel. The Commissioner says: "It is certain that the coating of the Norton can is either an enamel, or a well-known equivalent of enamel." We see no reason to doubt this statement, or that his coating is the equivalent of appellant's.

Appellant claims a difference with Norton in that he must use tin plate, while appellant uses enameled sheet iron, coated upon both sides. Both kinds of plates have been used in making cans, and the substitution of one for the other is immaterial. Norton states that he prefers to use the tin coating upon both sides of the metal sheet, but says the coating upon the inside may be omitted if desired. There is no invention in substituting appellant's enameled coating for the tin coating on the outside of the can. Moreover, the ninth claim is for a metal can having one face provided with a coating of flexible enamel, the coating to be on both sides at the joint, merely to accomplish a tight connection. The end seams of Norton are united without solder, and are of the same type as appellant's,— the usual lock joint. He uses solder, however, for hermetically sealing his longitudinal seam. No invention is involved in using in that seam, if desired, the lock-joint sealing used in the end seams.

We perceive no error in the rejection of the appealed claims, and the decision is affirmed.

This decision will be certified to the Commissioner.

*Affirmed.*